IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES EARL MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17cv548-MHT |
| | ) | (WO) |
| BILL FRANKLIN, Sheriff, | ) | |
| and ROBERT HENLINE, | ) | |
| Warden, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, an inmate in the Elmore County Jail, filed this lawsuit complaining that defendant officials unlawfully denied his family's attempts to pay his bond, resulting in his prolonged incarceration. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motion to dismiss be granted and that plaintiff's case be dismissed for failure to exhaust administrative remedies. There are no objections to the recommendation. After an independent and de novo review of the record, the court

concludes that the magistrate judge's recommendation should be adopted to the extent that it recommends dismissal. However, because it is unclear whether the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e, applies to this case, the court does not adopt the recommendation to the extent it recommends dismissal on exhaustion grounds. Instead, the court dismisses the case on grounds of failure to prosecute and abandonment.

42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff does not challenge the conditions he experienced in jail. Instead, he challenges defendants' denial of his family's efforts to make his bond. Although he complains of being denied the ability to see his regular physician while incarcerated, he appears to

2

mention this to demonstrate the damage he suffered as a result of being wrongfully incarcerated. The gravamen of his complaint is the allegedly unconstitutional denial of bond. His lawsuit seemingly focuses on the "the fact or duration of confinement itself" not "the conditions of confinement." *Porter v. Nussle*, 534 U.S. 516, 527, (2002).

In any case, the court need not resolve this issue now, because other grounds for dismissal are clear. This case should be dismissed without prejudice because plaintiff has failed to prosecute and has abandoned the case. After defendants filed their special report, the United States Magistrate Judge issued an order (doc. no. 14) directing plaintiff to file a response to the defendants' written report. The order advised plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Order for Response (doc. no. 14 at 2. Additionally, the order "specifically

3

cautioned [plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*. Plaintiff has failed to file a timely response in opposition to the defendants' written report, or indeed any response at all. It appears from the record that he is no longer in the Elmore County Jail, but he has failed to update the court with his new address. The court therefore concludes that this case should be dismissed without prejudice.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action at this time. Specifically, plaintiff is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, plaintiff's inaction in the face of the defendants' report and evidence, and his failure to update the court with his current

address, suggest a loss of interest in the continued prosecution of this case. It therefore appears that any additional effort by this court to secure plaintiff's compliance would be unavailing. Consequently, the court concludes that plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases." *Link*, 370 U.S. at 630-31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

An appropriate judgment will be entered.

DONE, this the 20th day of September, 2018.

                          /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**